Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4988 | **DATE** | August 11, 2010 |
| **CASE TITLE** | James Johnson (#R-43615) v. Johnnie Franklin, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order either to file *in forma pauperis* applications on the enclosed forms with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application along with a copy of this order. Failure to comply with this order within 30 days will result in summary dismissal of this case.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff James Johnson, an inmate incarcerated at Stateville Correctional Center has filed a civil law suit pursuant to 28 U.S.C. § 1983, alleging that his due process rights were violated by Defendants relating to a ticket he received at Stateville and his hearing before the adjustment committee.

Although the Clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(d)(4) of the Federal Rules of Civil Procedure, Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. As Plaintiff is an inmate, the Prisoner Litigation Reform Act applies. Effective April 26, 1996, the Prison Litigation Reform Act ("PLRA") significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed**. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

**(CONTINUED)**

AWL

## STATEMENT

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, **Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

In sum, Plaintiff must, on or before 30 days from the date of this order, **either** file *in forma pauperis* applications on the enclosed forms with the information required, **or** pay the full $350 filing fee. Failure to comply with this order within 30 days will result in summary dismissal of this case