Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4988 | DATE | 9/13/10 |
| CASE TITLE | James Johnson (#B-43615) v. Johnnie L. Franklin, et al. | | |

DOCKET ENTRY TEXT: 

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $3.53 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, Plaintiff's case is dismissed pursuant to 28 U.S.C. § 1915A. This case is terminated. Plaintiff remains responsible for the filing fee.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, James Johnson, an inmate at Stateville Correctional Center, has filed a complaint in this Court against Lieutenant Johnnie L. Franklin; Counselor Landria; Marcus Hardy, Warden of Stateville Correctional Center; and Grievance Officer Shaun Bass. Plaintiff alleges that he was denied procedural due process rights with respect to a disciplinary action at the prison which resulted in three months segregation, demotion to "C-Grade," commissary restriction, and while he was in segregation, severely restricted opportunities for physical activity.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.53. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

(CONTINUED)

AWL

## STATEMENT

Regardless of the relief sought, Plaintiff may not seek relief under § 1983, as his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998) (an inmate may not seek civil damages or injunctive relief for an unconstitutional conviction or sentence until the conviction or sentence has been reversed on direct appeal, declared invalid by a state tribunal, expunged by executive order, or called into question by a federal court on habeas review).

Even if Plaintiff's claims were not *Heck* barred, in order to obtain § 1983 relief, a Plaintiff must establish that the Defendants deprived him of a constitutional or federal right, and that the Defendants acted under color of state law. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A prisoner is entitled to due process protections before being deprived of a liberty interest. Such protections include: advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation of the disciplinary decision, supported by at least "some evidence" in the record. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006), *citing Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). However, such due process rights apply only with the deprivation of a constitutional liberty interest. Being placed in segregation or moved to another prison, the loss of commissary privileges, the temporary demotion in grade, and limited restriction on exercise opportunities do not state constitutionally protected liberty interests. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005); *Townsend v. Fuchs*, 522 F.3d 765, 771-72 (7th Cir. 2008) (transfer to another unit or prison does not trigger due process concerns unless the transferee location has unduly harsh conditions); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.1998)(loss of commissary privilege does not affect a constitutional liberty or property interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (temporary demotion in grade does not constitute a deprivation of a protected liberty interest); *Lekas*, at 610 (temporary, drastic reduction in exercise opportunities due to placement in segregation do not constitute a deprivation of a protected liberty interest).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel is denied as moot. Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).